Donald K. McLean, AKSB No. 0403006
BAUER MOYNIHAN & JOHNSON LLP
2101 4^(TH) Avenue - 24^(th) Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

Attorneys for Pool Engineering, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA AT KETCHIKAN

| | |
|---|---|
| Pool Engineering, Inc., an Alaska corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>American Civil Constructors West Coast, Inc., a California corporation,<br><br>          Defendant. | IN ADMIRALTY<br><br>NO.<br><br>COMPLAINT FOR BREACH OF CONTRACT AND MONEY DAMAGES |

Now comes the Plaintiff, Pool Engineering, Inc. ("Pool") and for its *Complaint*, states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1.1 This is an action within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. §1333 and Federal Rule of Civil Procedure 9(h).

1.2 At all pertinent times, plaintiff Pool was, and still is, a corporation organized and existing under the laws of the State of Alaska with its principal place of business in Ketchikan, Alaska.

1.3 At all pertinent times, upon information and belief, defendant American Civil Constructors West Coast, Inc. ("ACC") was, and still is, a corporation existing under the laws of the State of California with its principal place of business in Littleton, Colorado.

1.4 Venue is proper in the District of Alaska pursuant to the venue provisions stated in the governing bareboat charter.

COMPLAINT FOR MONEY DAMAGES
1 - 7

- 1 -

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

## II. FACTS

2.1 The SBB III (the "Barge") is a 200 foot long and 60 foot wide deck barge owned by Pool.

2.2 On or about October 2, 2008, Pool, ACC, and the Barge's previous owner, Silver Bay Logging, Inc., entered into a bareboat charter agreement (the "Agreement").

2.3 Under the Agreement, Pool acted as owner *pro hac vice*/bareboat charterer of the Barge and ACC acted as bareboat sub-charterer.

2.4 Under the Agreement, ACC agreed to be liable for "all costs and expenses of every kind and nature incurred in the use and operation [of the Barge] during the charter period," and it was agreed that Pool "shall not be liable" for such costs.

2.5 Under the Agreement, ACC promised to redeliver the Barge "in the same condition as delivered less normal wear;" the Barge's condition as delivered is also referred to as its "on-hire condition."

2.6 Under the Agreement, ACC further promised to "have completed all repairs required to redeliver the [Barge] in the same condition as received" as part of a condition of redelivery, with redelivery deemed not to have occurred until required repairs were completed.

2.7 Under the Agreement, ACC further agreed that "all terms and conditions" of the Agreement would continue "until termination and redelivery," including restoration of the Barge to its on-hire condition.

2.8 Under the agreement, ACC further agreed that any days beyond the term of the Agreement required to effect repairs would result in ACC being responsible for reimbursing Pool at a rate of $600.00 per calendar day for substitute demurrage.

2.9 Under the Agreement, ACC further promised to "make all repairs, replacement and maintenance as necessary to keep the [Barge] in good, staunch, and seaworthy condition[.]"

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

2.10     Under the agreement, ACC further promised that if the Barge suffered any loss, ACC would "at their own cost and expense… restore and repair the same [i.e. the Barge] to as good condition as it was immediately prior to when the loss occurred."

2.11     Under the agreement, ACC further agreed to "indemnify and hold harmless [Pool], including costs and legal fees of any from any… loss or damage of whatsoever nature including… damage to property… arising out of or as a result of the possession, use or operation of [the Barge]."

2.12     Under the Agreement, ACC agreed to procure insurances, including hull and machinery insurance, which would be for the benefit of and would protect both parties. While ACC did procure hull and machinery insurances (separate succeeding policies rather than a single continuous policy) it has not cooperated fully with the insurers or with Pool to obtain the full benefit of those insurances, thus defeating the understanding the parties agreed to "look solely to" the insurances called for in the Agreement to "cover all losses." Without limitation, ACC has refused to identify specific occurrences which would have caused the damages to the Barge.

2.13     Pool has separately, in the capacity of additional as opposed to primary insured attempted to make claims under applicable policies of insurance but its efforts have been thwarted by ACC. Those claims have not been paid. Upon information and belief, ACC has not made any claims under the applicable policies of insurance or if claims have been made is refusing to follow up on such.

2.14     Under the Agreement, ACC agreed that if "an insurance fails for any reason… or if an insurer otherwise refuses… to pay… the party required to procure such insurance [ACC] shall be deemed the insurer or self-insurer, shall accept and pay all claims which would otherwise be covered by the failed insurance, and shall indemnify and hold harmless (including costs and legal fees) the other [Pool] of and from any loss [or] damage… which would have been covered."

2.15     Under the Agreement, ACC also promised to be responsible for any premium and/or deductible applicable to any insurance it was required to procure.

COMPLAINT FOR MONEY DAMAGES
3 - 7

- 3 -

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

2.16    Under the Agreement, the condition of the Barge was to be determined by agreed-to on-hire and off-hire surveys.

2.17    The Barge was duly delivered as called for in the Agreement and the anticipated on-hire survey took place on or about October 20, 2008.

2.18    The Agreement was extended on August 6, 2009 by mutual agreement between Pool and ACC at an increased rate of hire for the Barge.

2.19    Just prior to the aforementioned extension, an off-hire survey was conducted on the Barge at ACC's request on or about July 17, 2009.

2.20    Numerous items of damage were noted in this survey.

2.21    Pool notified ACC and called its attention to these items of damage.

2.22    The Agreement was extended again by Pool and ACC on October 20, 2009.

2.23    A second off-hire survey was conducted on or about March 12, 2010.

2.24    The March 12 survey noted numerous items of damage to the Barge in addition to those noted on the July 17, 2009 survey.

2.25    Underwater video taken March 23, 2010 revealed additional damage to the barge.

2.26    Pool notified ACC and called its attention to these items of damage.

2.27    ACC did not respond to Pool's numerous requests for ACC to repair the Barge or cover the costs of repairs.

2.28    Pool acquired a quote from Todd Pacific Shipyards Corporation indicating that repairs to the barge would cost $296,431.00, taking 35 days to complete. Adding to these costs are Pool's estimates for observing the work at Todd Pacific Shipyard, towage, paint, administrative fees, demurrage (35 days), and overages, which Pool estimates will cost an additional $164,374.

2.29    As ACC has failed to effect repairs to the Barge, the Barge remains on hire per the terms of the Agreement.

2.30    ACC has failed to pay any charter hire since April 10, 2010.

COMPLAINT FOR MONEY DAMAGES
4 - 7

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

## III. FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

3.1 Pool hereby incorporates the above-stated allegations.

3.2 ACC breached the Agreement in the multiple respects identified above and by failing to effect repairs of the damages to the Barge occurring during the period from the on-hire survey until the final off-hire survey according to those items discovered on the off-hire surveys called for in the Agreement, as detailed above.

3.3 ACC breached the Agreement by failing to pay charter hire as called for in the Agreement as detailed above.

3.4 ACC's breach of the Agreement has damaged Pool in an amount to be determined at trial, but not less than $460,805.00, plus charter hire at a rate of $600.00 per day, running from April 10, 2010.

## IV. SECOND CAUSE OF ACTION

## NEGLIGENCE

4.1 Pool hereby incorporates the above-stated allegations.

4.2 ACC owed a duty to Pool to properly perform its duties under the Agreement.

4.3 ACC owed a duty to Pool to properly handle the Barge and reasonably protect it from harm while the Barge was in ACC's care, custody, and control.

4.4 ACC failed to exercise reasonable care for the Barge.

4.5 ACC's failure to exercise reasonable care caused damage to the Barge as detailed above.

4.6 The negligence of ACC has damaged Pool in an amount to be determined at trial, but not less than $460,805.00, plus charter hire at a rate of $600.00 per day, running from April 10, 2010.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR MONEY DAMAGES
5 - 7

## V. THIRD CAUSE OF ACTION

## BAILMENT

5.1  Pool hereby incorporates the above-stated allegations.

5.2  At all relevant times, the Barge was in the sole care, custody, and control of ACC.

5.3  The Barge had been delivered to ACC in good order and condition as detailed in the on-hire survey referenced above.

5.4  ACC was obligated to redeliver the Barge in the same good order and condition as delivered.

5.5  ACC failed to redeliver the Barge in such a condition.

5.6  Because ACC breached its duty as a bailee, Pool suffered damages in an amount to be proven at trial, but not less than $460,805.00, plus charter hire at a rate of $600.00 per day, running from April 10, 2010.

## VI. FOURTH CAUSE OF ACTION

## ATTORNEYS' FEES

6.1  Pool hereby incorporates the above-stated allegations.

6.2  Section 21 of the Agreement provides that the prevailing party to a dispute arising out of the Agreement is entitled to recover its reasonable costs, including legal costs and fees.

6.3  Pool is entitled to said remedies as a party to the Agreement.

//
//
//
//
//
//
//
//

COMPLAINT FOR MONEY DAMAGES
6 - 7

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1. That the Court award judgment in favor of plaintiff against defendant on plaintiff's causes of action, in an amount to be proven at trial, but not less than $460,805;

2. That the Court award judgment in favor of plaintiff against defendant for all fees and costs, including attorneys' fees, called for under the Agreement and allowed by applicable law;

3. That plaintiff be awarded pre-judgment interest and costs; and

4. For such other and further relief as the court deems just and proper.

DATED this Thursday, August 19, 2010.

BAUER MOYNIHAN & JOHNSON LLP

/s/ Donald K. McLean
Donald K. McLean, AKSB No. 0403006
Attorneys for Plaintiff Pool Engineers, Inc.
2101 Fourth Avenue, Suite 2400
Seattle, WA 98121-2320
Phone: (206) 443-3400
Fax: (206) 448-9076
Email: dkmclean@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR MONEY DAMAGES
7 - 7

- 7 -

Case 5:10-cv-00003-JWS   Document 1   Filed 08/23/10   Page 7 of 7